USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
LEON MARTIN, JR.,
:            12cv8162 (PAC) (DF)
                  Plaintiff,
:            **REPORT AND**
    -against-                              **RECOMMENDATION**
:
DR. KEVIN McGRAW, ROSEANN GALAGAN, R.N.,
JASON BERGER, L.P.N., CORRECTIONAL MEDICAL :
CARE, CARL E. DUBOIS, ORANGE COUNTY
SHERIFF, and ORANGE COUNTY CORRECTIONAL     :
FACILITY, individually and in their official capacities,
:
                  Defendants.
------------------------------------------------------------------X

**TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:**

    *Pro se* plaintiff Leon Martin, Jr. ("Plaintiff") brought this action under 42 U.S.C. § 1983, alleging that Defendants denied him constitutionally adequate care, specifically with regard to a tooth extraction, while he was detained at the Orange County Correctional Facility ("OCCF"). Although Plaintiff actively participated in the case while he was in custody, it is the Court's understanding that he has now been released, and, since his release, he has failed to inform the Court as to how he can be contacted and has also failed to respond to motions filed by the defendants and to an Order To Show Cause issued by this Court. The case has been referred to me for a report and recommendation on pending motions to dismiss, but, under the circumstances, and for the reasons set forth in greater detail below, I recommend that this action be dismissed, *sua sponte* and without prejudice, for failure to prosecute.

## BACKGROUND

Plaintiff initiated this action by filing a Complaint on November 1, 2012[1] (Dkt. 2), and subsequently amended his pleadings twice (*see* Amended Complaint, dated Apr. 12, 2013 (Dkt. 14); Second Amended Complaint, filed June 19, 2013 (Dkt. 20)). He seeks damages under 42 U.S.C. § 1983 from defendants Dr. Kevin McGraw ("McGraw"), RoseAnn Galagan, R.N. ("Galagan"), Jason Berger, LPN ("Berger"), Correctional Medical Care, Carl E. DuBois, Orange County Sheriff, and OCCF (collectively, "Defendants"), for alleged breaches of their duty of care to Plaintiff and deliberate indifference to his serious medical needs. (*See* Dkt. 20.)

More specifically, Plaintiff alleges that, on October 23, 2012, while he was a pre-trial detainee at OCCF, he was taken to see McGraw, a dentist under contract with the facility, to have a tooth extracted. (*See id.*) According to Plaintiff, his tooth broke as McGraw attempted to extract it, causing Plaintiff extreme pain. (*Id.*) Plaintiff alleges that McGraw refused to inject more anesthetic to numb the area, instead telling Plaintiff that there was nothing more that he could do, as Plaintiff could not tolerate the pain. (*Id.*) After being given regular-strength pain medication by Galagan and gauze by Berger, he was then allegedly returned to his housing unit with half of the tooth still lodged in his mouth, cuts on his gums around the tooth, and excruciating pain. (*See id.*) Plaintiff alleges that, for over a week, no further treatment was provided, although he "went continuously to the medical unit," and that it was only on December 1, 2012 that Plaintiff was able to have his tooth pulled by another dentist. (*Id.*)

---

[1] Under the so-called "prison mailbox rule," a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, although Plaintiff's Complaint was not entered on the Court's docket until November 8, 2012, the Court will consider it to have been filed as of November 1, 2012, the date reflected on its attached verification. (*See* Dkt. 2; *see also, e.g., Luna v. Artus*, No. 10cv2565 (PKC) (KNF), 2010 WL 2594303, at *1 n.1 (S.D.N.Y. June 18, 2010).)

Through the early stages of the case, Plaintiff prosecuted his claims diligently. He notified the Court of changes to his address on three separate occasions when he was transferred to different correctional facilities (*see* Dkts. 15, 18, 19), submitted various written applications, including a request for *pro bono* counsel (Dkt. 21), and participated in two telephonic case-management conferences with the Court (*see* Dkts. 33, 58).

At one such conference, held on September 3, 2013, Defendants informed the Court that they wished to move to dismiss Plaintiff's claims, leading the Court to set a briefing schedule for the anticipated motions to dismiss and to issue a partial stay of discovery. (*See* Dkt. 33 (written Order dated Sept. 6, 2013, memorializing briefing schedule set at conference).) Defendants then proceeded to file three separate motions to dismiss in early October, 2013. (*See* Motion to Dismiss filed by Jason Berger, Correctional Medical Care, RoseAnn Galagan, dated Oct. 3, 2013 (Dkt. 41); Motion to Dismiss filed by Carl E. DuBois, Orange County Correctional Facility, dated Oct. 4, 2013 (Dkt. 45); Motion to Dismiss filed by Kevin McGraw, dated Oct. 4, 2013 (Dkt. 49).[2])

Pursuant to the schedule set by the Court, Plaintiff's opposition to the motions would have been due on November 8, 2013 (*see* Dkt. 33), but, by letter motion dated October 9, 2013, Plaintiff indicated that he had just received Defendants' motions, and requested an extension of his time to respond (Dkt. 54). Plaintiff explained, among other things, that the law library at his facility ran on a "weekly list" and that he needed more time to "properly research each motion." (*Id.*) The Court granted Plaintiff's request and extended his time to oppose Defendants' motions to December 13, 2013. (*See* Dkt. 55.) Then, in an undated letter motion stamped as filed on

---

[2] While dated October 4, 2013, McGraw's motion was not successfully filed with the Court until October 7, 2013. The docket reflects that counsel for McGraw attempted to file it on October 4, 2013, but that the attempted filing was rejected as deficient. (*See* Dkt. 44.)

November 27, 2013 (Dkt. 59), Plaintiff informed the Court that he was in a "program facility" that was "based around drug treatment," that 95 percent of his time was dedicated to meetings and programs, and that "[a]ccess to [the] law library for research purposes [was] greatly limited" because of the nature of the facility (*id.*). Plaintiff asked for another extension, stating:

> My release date is 2/2/2014 or earlier and I'm asking for your permission until March of 2014, a[n] extension to retain Counsel on my behalf. This way I have full access to information that I will be able to accomplish much more th[a]n I have with the lack of Law Library access to present my case all motions and any[thing] further. Again my release is 2/2/14 or earlier and I'll be able to do all things that are necessary to continue this claim.

(*Id.*) Construing Plaintiff's submission as a second request for additional time to file his opposition papers to Defendants' pending motions,[3] the Court granted that request and extended Plaintiff's deadline to March 3, 2014. (*See* Dkt. 60.)

Plaintiff, however, neither filed his opposition papers by March 3 nor moved for any further extension of time to do so. Plaintiff also failed to notify the Court of his new address upon his release from custody. After Defendants submitted brief reply papers, requesting that the Court grant their unopposed motions to dismiss the Second Amended Complaint (*see* Dkts. 61, 62, 65), this Court ordered Plaintiff to show cause, by May 9, 2014, why his case should not be dismissed for failure to prosecute (*see* Order, dated Apr. 18, 2014 (Dkt. 67)). The Court's Order To Show Cause was mailed to Plaintiff both at his last known address as reflected on the docket and to a potential post-release address obtained by the Office of the Orange County Attorney. (*See id.*) Although the Court did not receive any indication that this mail was undelivered, Plaintiff filed nothing in response to the Court's Order.

---

[3] Although Plaintiff referenced a desire to obtain counsel, the Court had previously denied applications by Plaintiff for the Court to request counsel for him, without prejudice to renewal following resolution of Defendants' motions to dismiss. (*See* Dkts. 56, 57.)

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Wilson v. New York City Corp. Counsel*, No. 07cv3658 (JSR), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (noting that "it was plaintiff's responsibility to apprise the Court of his current address").

"A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Ortiz v. United States*, No. 01cv4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the *pro se* office of this Court informed of his change of address"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson,*

*Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

In this case, the Court understands that Plaintiff is proceeding *pro se* and that, for a significant period of time after he commenced the action, he demonstrated a desire to move forward with his case. While held in custody, Plaintiff sought extensions of time to file his opposition to Defendants' motions to dismiss, and his reasons for needing additional time were generally related to the circumstances of his detention. (*See* Dkts. 54, 59.) As set out above, Plaintiff represented that, upon his release from custody, he would "be able to do all things that are necessary to continue this claim." (Dkt. 59.)

After his apparent release, however, Plaintiff neither filed his opposition nor informed the Court of any further difficulties that he was having. In addition, as noted above, Plaintiff did not provide the Court with a post-release address at which he could receive mail. Over three months have now passed since Plaintiff's deadline to file his opposition to Defendants' motions to dismiss, and over one month has passed since his deadline to respond to the Court's Order To Show Cause. (*See* Dkt. 67.) That Order specifically cautioned Plaintiff that his case could be dismissed for failure to prosecute if he failed (a) to inform the Court that he wished to proceed with the case, and (b) to explain why he should be permitted to do so, despite his failure to file his opposition or keep the Court apprised of his address. (*See id.*) As neither of the two copies of the Order that were mailed to Plaintiff – both to his last-known address as reflected on the docket and to a post-release address obtained by the Office of the Orange County Attorney (*see id.*) – was returned to the Court as undeliverable, there is nothing in the record to suggest that Plaintiff did not have notice of this possible result.

Under the circumstances, I recommend that Plaintiff's Second Amended Complaint be dismissed *sua sponte* under Rule 41(b) for failure to prosecute, although I further recommend that the dismissal be without prejudice. Such a dismissal would allow for the possibility that Plaintiff had good cause for failing to prosecute his case at this time, and would preserve Plaintiff's right to have his claims reviewed at a later time, on a full presentation of the merits, rather than on unopposed motions to dismiss. The more draconian sanction of dismissal *with* prejudice would seem excessive here, especially in light of Plaintiff's *pro se* status.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that this action be dismissed without prejudice, under Rule 41(b) of the Federal Rules of Civil Procedure, and that the case (together with any outstanding motions) be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Honorable Paul A. Crotty, United States Courthouse, 500 Pearl Street, Room 1350, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. As Petitioner is proceeding in this action *pro se*, any submissions he makes to the Court (including any objections to this Report and Recommendation for filing, any courtesy copies for judges' chambers, and any requests for extensions of time) should be delivered by him to the Court's *Pro Se* Office.

FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       June 18, 2014

                                                  Respectfully submitted,

                                                  DEBRA FREEMAN
                                                  United States Magistrate Judge

Copies to:

Mr. Leon Martin, Jr.
13-A-1708
Hale Creek A.S.A.T.C.A.
P.O. Box 950
Johnstown, NY  12095-0950

Mr. Leon Martin, Jr.
569 Broadway
Monticello, NY  12701

Defense counsel (via ECF)